IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Hubbell, Inc.; and <br> Hubbell Lighting, Inc, <br>               Plaintiff, <br> v. <br> DMF, Inc., d/b/a DMF Lighting <br> Inc.; and Fahrenheit Lighting, Inc., <br> d/b/a Fahrenheit Lighting and <br> Fahrenheit, <br>               Defendants. | C/A No. 6:11-794-TMC <br><br> **OPINION & ORDER** |

This matter is before the Court on Defendants' Motion to Dismiss or Transfer Venue. (Dkt. # 26). Defendants move to dismiss due to lack of personal jurisdiction or alternatively to transfer this case to the Central District of California. The Plaintiffs contend this court has personal jurisdiction over the Defendants and venue should not be transferred. Plaintiffs also contend that if the court finds Plaintiffs have not made a prima facie case for jurisdiction that jurisdictional discovery be allowed.

Plaintiffs Hubbell, Inc., and Hubbell Lighting, Inc., (referred to collectively herein as "Hubbell") filed this action against Defendants DMF, Inc., ("DMF") and Fahrenheit, Inc., ("Fahrenheit") alleging patent infringement. DMF is a closely held California corporation with offices in Carson, California. The corporation is wholly-owned by Mr. and Mrs. Mark Danesh. Fahrenheit is a closely held Delaware corporation registered to do business in California and owned by the Danesh's son, Michael Danesh. DMF and Fahrenheit share office space in California.

Hubbell contends that Fahrenheit is a sham entity and, in fact, contends that DMF and Fahrenheit are the same entity. Hubbell states that discovery is necessary to determine the separateness of DMF and Fahrenheit and their contacts with South Carolina.

Defendants maintain that DMF and Fahrenheit are two separate entities and argue the court should deny discovery on the issue as it would be thorough and costly.

Whether this court may exercise personal jurisdiction over Defendant DMF appears to depend on whether Plaintiffs can pierce the corporate veil. Therefore, the court will allow the parties to engage in limited jurisdictional discovery as to whether this court has personal jurisdiction over Defendant DMF. *Pan-American Products & Holdings, LLC v. R.T.G. Furniture Corp.*,--- F.Supp.2d ----, 2011 WL 5520721 (M.D.N.C. 2011)(*citing Dellinger Unlimited, LLC v. Caterpillar, Inc.*, 2010 WL 4026143 (M.D.N.C. 2010)(permitting jurisdictional discovery on plaintiff's piercing the corporate veil argument)). Both parties may conduct discovery to fully develop facts for the purposes of determining whether jurisdiction is proper in this case. *McLaughlin v. McPhail*, 707 F.2d 800, 806–807 (4th Cir. 1983) (stating that district courts may grant limited discovery to explore jurisdictional facts).

Based on the foregoing, Defendants' Motion to Dismiss for lack of personal jurisdiction or alternatively to Transfer of Venue (Dkt. # 26) is **DENIED** without prejudice and with leave to refile. The parties are granted limited jurisdictional discovery for the purposes set forth herein. The parties shall confer in good faith to formulate a discovery plan and submit a proposed scheduling order for limited jurisdictional discovery within ten (10) days of the date of this order.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Greenville, South Carolina
March 29, 2012