IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Hubbell Incorporated, and<br>Hubbell Lighting, Inc.,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>DMF, Inc., d/b/a DMF Lighting, Inc. and<br>DMF Lighting;<br>Fahrenheit Lighting, Inc., d/b/a Fahrenheit<br>Lighting and Fahrenheit,<br><br>　　　　　　　　　　　　Defendants. | ) Civil Action No.: 6:11-794-MGL<br>)<br>)<br>)<br>) **OPINION AND ORDER**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

　　　　This action alleging infringement of U.S. Patent No. 7,841,135, "Fire Assembly for Recessed Electrical Fixtures" is before the Court on Plaintiffs' Objections to the Report and Recommendation of the Magistrate Judge granting Defendants' Motion to Dismiss, or alternatively, to transfer venue.

　　　　Pursuant to the provisions of 28 U.S.C. § 636 and Local Rule 73.02(C)(7), D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial management and consideration of pretrial motions. (ECF No. 53.) In her Report and Recommendation ("Report"), the Magistrate Judge recommended Defendants' second motion to dismiss for lack of jurisdiction be granted, and Plaintiffs' motion to compel and to extend time of discovery be considered moot. (ECF No. 68.) Plaintiffs timely filed Objections to the Report and Recommendation ("Objections"). For the reasons set forth below, the Court adopts the Report and Recommendation of the Magistrate Judge and GRANTS Defendants' Motion to Dismiss for lack of jurisdiction (ECF No. 47) and finds Plaintiffs' Motion to Compel and to extend time for discovery to be MOOT. (ECF No. 44.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The Court is charged with making a de novo determination of any portions of the Magistrate Judge's Report to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The Judge may also receive further evidence or recommit the matter to the Magistrate with instructions. *U.S. v. George*, 971 F.2d 1113, 1117-18 (4th Cir. 1992).

## OBJECTIONS

Plaintiffs raise three objections to the Report. First, they object to the Report because it did not consider the existence of ongoing patient infringement in the form of offers for sale of the accused products in South Carolina which Plaintiffs argue subjects each Defendant to specific personal jurisdiction. Second, Plaintiffs object to the rejection of their argument that the order of Judge Timothy Cain for corporate veil-piercing discovery inherently included a finding that Defendant Fahrenheit Lighting, Inc., ("Fahrenheit") was subject to personal jurisdiction in South Carolina. Third, Plaintiffs object to the Magistrate Judge's determination that their motion to compel further discovery should be deemed moot. (ECF No. 70.)

## ANALYSIS

As the Magistrate Judge correctly noted, the Court may exercise specific jurisdiction

over a defendant "if (1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair." *Breckenridge Pharms., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1363 (Fed. Cir. 2006). The Report also correctly states that questions of personal jurisdiction in patent cases are determined by the Federal Circuit based on its own decisions– and not those of the regional circuit– where the jurisdictional issue is "intimately involved with the substance of patent laws." *See Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1328 (Fed.Cir. 2008) (quoting *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed.Cir. 1995)); *see also 3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1377 (Fed. Cir. 1998). Such is the case here. The Report sets forth the proper analysis for determining whether this court has personal jurisdiction over the Defendants and it will not be repeated here. (ECF No. 68 at 6-11.)

    1.    Specific Jurisdiction Based Upon Offers to Sell

Plaintiffs argue that "[h]ad the Report properly considered the existence of ongoing patent infringement in the form of <u>offers for sale</u> of the accused product by a designated sales representative for each of DMF and Fahrenheit, both would have been found to be subject to specific jurisdiction in South Carolina." (ECF No. 70 at 2.) This argument arises from the addition of "offers to sell" as violations of the patent laws, making an "offer to sell" actionable, even if a sale is not made. 35 U.S.C. § 271(a).

Although Plaintiffs did raise the "offer to sell" issue in opposition to Defendants' original motion to dismiss (ECF No. 28), that motion was disposed of by Order of Judge Timothy Cain which denied the motion without prejudice and with leave to refile in order

to allow the parties to engage in limited jurisdictional discovery. (ECF No. 35.) Plaintiffs did not raise their claim that Defendants' conduct continued and included offers to sell under 35 U.S.C. 271(a) in their opposition to the motion to dismiss before the Magistrate Judge (ECF No. 52), and she befittingly did not give that claim consideration. However, this Court is required to consider all arguments relating to issues raised by a proper objection, regardless of whether they were raised before the Magistrate Judge. *U.S. v. George*, 971 F.2d 1113, 1117-18 (4th Cir. 1992).

In their objections, Plaintiffs cite the text of Section 271(a-c) which includes the language "offer to sell," "actively induces infringement," and "contributory infringer" for the proposition that continuing to offer to sell in South Carolina subjects both Defendants to specific personal jurisdiction in the district. (ECF No. 70 at 4-5.) Defendants argue their conduct is merely advertising and product promotion activities and do not constitute "offers to sell" for purposes of Section 271(a) so as to support a finding of specific jurisdiction. (ECF No. 71 at 4.)

The substantive question of whether an offer to sell has been made is a question of patent law. *See 3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1377 (Fed. Cir. 1998). The Federal Circuit has defined liability for an "offer to sell" under Section 271(a) according to the norms of traditional contractual analysis. *Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1254-1255 (Fed. Cir. 2000). Thus, the defendant must communicate a "'manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it.'" *Id.* at 1257 (quoting Restatement (Second) of Contracts § 24 (1979)). In *3D Systems,*

*Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1377 (Fed. Cir. 1998), the Federal Circuit also considered the meaning of "offer to sell" in a context similar to that in the case at bar. In that case, the defendants provided potential California customers with price quotations, brochures, specification sheets, videos, and sample parts related to their product. *Id.* at 1376. The plaintiff sued the defendants for infringement in the United States District Court for the Central District of California, alleging defendants' price quotation letters constituted "offers to sell" its patented product. *Id.* at 1375. The three defendants moved to dismiss the suit for lack of personal jurisdiction, and the district court granted the motion. On appeal, the Federal Circuit affirmed the district court's determination that it did not have personal jurisdiction over two of the defendants but concluded that the district court did have jurisdiction over the third defendant, thereby reversing and remanding on that issue. *Id.* The court concluded that although the price quotation letters stated on their face that they were not offers, "to treat them as anything other than offers to sell would be to exalt form over substance" and found that "[a]s a matter of statutory construction, the price quotation letters can be regarded as 'offer[s] to sell' under § 271 based on the substance conveyed in the letters, i.e., a description of the allegedly infringing merchandise and the price at which it can be purchased." *3D Sys., Inc.* 160 F.3d at 1379.

Plaintiffs point to several items which they argue constitute "offers to sell," including marketing materials, price lists, samples, the presence of an independent sales representative in South Carolina, and a website link that directs South Carolina buyers to that sales representative. (ECF No. 70.) Defendants argue that none of these constitute an "offer to sell" because unlike the letters in *3D Systems, Inc.*, none are communications

with a description of the merchandise with a specific price quoted.  (ECF No. 71 at 3-4.)

In *MEMC Elec. Materials v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369 (Fed. Cir. 2005) the court held that an e-mail which described the accused product without price terms could not be an offer to sell, because the defendant must "'communicate[ ] a manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to the bargain is invited and *will conclude it*." *Id.* at 1376. (emphasis added).  Plaintiffs can point to no such communication.  Defendants' advertising of its products over the internet or through an independent representative in South Carolina without a communication specific enough for its acceptance by the customer to give rise to a contract, is not an offer to sell and cannot be the basis for specific jurisdiction over Defendants.

Plaintiffs point to the Declaration of Mr. Brent Medearis, former principal of Defendant DMF's representative South Carolina Architectural Lighting, LLC, as evidence of offers to sell the patented products.  (ECF No. 70 at 7.) The Declaration contains Mr. Medearis's statement that "CAL + D continues to offer for sale lighting products provided by DMF Lighting, including the FAHRENHEIT series of lights."[1] (ECF No.70-3, ¶ 7.)  This statement is a legal conclusion that is for the court to make. *Stetter v. Shalala*, 13 Fed. Appx. 79, 2001 WL 687593 (4th Cir. 2001) (unpublished decision) (noting that "testimony containing a legal conclusion is problematic" because it may convey erroneous legal standards to the jury, thereby invading the province of the court to determine the applicable law); *see also Builders Mut. Ins. Co. v. Lacey Const. Co., Inc.*, No. 3:11-cv-400, 2012 WL

---

[1] "CAL + D" means the "Carolina Architectural Lighting and Design" and is the successor entity to Carolina Architectural Lighting.

1032539, *8 (D.S.C. Mar. 27, 2012) (finding that Defendants' proffered expert's supplemental report or related testimony would be inadmissible because it "improperly invades the province of the court by advising the court how it should apply the law."). Although the Declaration does contain evidence of the relationship between DMF and Carolina Architectural Lighting ("CAL"), the predecessor entity to CAL+ D, it does not contain competent evidence of any actual offer to sell the accused products within the meaning of Section 271(a), and as defined in *Rotec Industries, Inc. v. Mitsubishi Corporation. See also MEMC Elec. Materials,* 420 F.3d at 1376 (finding e-mails without a price term cannot constitute an "offer for sale."); *Superior Industries, LLC v. Thor Global Enter. Ltd.*, —F.3d.—, 2012 WL 5907488, *6 (Fed. Cir. Nov. 27, 2012) (*citing MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1376 (Fed. Cir. 2005)). This evidence, which is critical to Plaintiffs' arguments for a finding of specific jurisdiction, is simply not present.

Plaintiffs claim that DMF's acknowledgment that it has supplied its representatives with price books, brochures, selling samples, and a copy of the FAHRENHEIT catalog in this action is sufficient evidence to establish specific jurisdiction in this matter. (ECF No. 72 at 4.) Plaintiffs also claim that this court has already held that jurisdictional offers for sale can occur from the distribution of catalogs and pricing information in South Carolina in referencing Judge R. Bryan Harwell's decision in *Subair Systems, LLC v. Precisionaire Systems, Inc.*, No. 1:06-02620, 2007 WL 2822910 (D.S.C. Sept. 27, 2007). This Court concludes that Judge Harwell's well-reasoned decision is factually distinguishable as the sales catalogs there actually set forth the exact prices of various models for sale which

could be ordered directly from the catalog. *Subair Systems, LLC v. Precisionaire Systems, Inc.*, No. 1:06-02620, 2007 WL 2822910, * 4 (D.S.C. Sept. 27, 2007). Here the referenced FAHRENHEIT catalog does not even include pricing information and the price books provided to the independent manufacturer's representatives, assuming they were in fact further distributed, are not entirely rigid and can be deviated from with DMF approval. (ECF No. 47-2 at 3.) Further, Judge Harwell's order is persuasive but not necessarily binding on this court as the order is from a peer judge in this district and not of a controlling court. *See South Carolinians for Responsible Gov't v. Krawcheck*, 854 F.Supp. 2d 336, 341 (D.S.C. Feb. 23, 2012).

Finally, and consistent with the traditional contract law definition of the term "offer to sell," activities in preparation to sell, such promotional materials and advertisements, do not communicate language of commitment, and thus, by themselves cannot be offers to sell. *See Linear Tech. Corp. v. Micrel, Inc.*, 275 F.3d 1040,1050 (Fed. Cir. 2001)("Similarly, LTC's mere publication of preliminary data sheets and promotional information for the LT1070 communicates nothing to customers about LTC's intent, and thus cannot be an offer for sale. Such activities only indicate preparation to place the LT1070 on sale."); *Superior Industries, LLC,* 2012 WL 5907488 at *6; Restatement (Second) of Contracts § 26 (1981), comment b. ("Advertisements of goods by display, sign, handbill, newspaper, radio or television are not ordinarily intended or understood as offers to sell. The same is true of catalogues, price lists and circulars, even though the terms of suggested bargains may be stated in some detail. It is of course possible to make an offer by an advertisement directed to the general public (see § 29), but there must ordinarily be some language of

commitment or some invitation to take action without further communication.") Even a "'published price list is not an offer to sell the goods listed at the published prices.'" *See Mesaros v. U.S.*, 845 F.2d 1576 (Fed. Cir. 1988), citing Williston, *A Treatise on the Law of Contracts*, § 27 (3d ed. 1957).  The materials themselves, assuming they were transmitted, create no power of acceptance in the recipient. *Id.* at 1580.  The court does not find sufficient evidence of an offer to sell to support jurisdiction in this case.

    2.    Judge Cain's Order

Plaintiffs contend that, in his Order denying Defendants' original motion to dismiss, Judge Cain must have determined the court has personal jurisdiction over Fahrenheit because there would be no need to investigate alter ego status and corporate veil piercing if Fahrenheit was not subject to the Court's personal jurisdiction. (ECF No. 52 at 1, 2–3.) Defendants contend Judge Cain's Order did not address whether the court has jurisdiction over the parties but, rather, gave Plaintiffs the opportunity to take discovery to locate support for Hubbell's proposition that DMF controls Fahrenheit. (ECF No. 57 at 15–16.) The Magistrate Judge agreed with Defendants that, without Judge Cain's Order explicitly stating that the Court has personal jurisdiction over Fahrenheit, it is for this Court to decide the issue of personal jurisdiction on Defendants' renewed motion to dismiss and the accompanying briefs. (ECF No. 68 at 12.)  The Court agrees.  Judge Cain's Order does not address jurisdiction over Fahrenheit or DMF either implicitly or explicitly and this Court will not read such a finding into the Order.  The narrow scope of Judge Cain's Order is not the "law of the case" on the issue of personal jurisdiction over Fahrenheit or DMF which issue is before this Court for a ruling.  Even if it were, this Court would be within its bounds

to revisit the issue. *See Fayetteville Inv. v. Comm. Builders, Inc.,* 936 F.2d 1462, 1469 (4th Cir. 1991)*; City of Charleston, S.C. v. Hotels.com, LP*, 520 F.Supp.2d 757, 774 (D.S.C. Nov. 5, 2007); *South Carolinians for Responsible Gov't v. Krawcheck*, 854 F.Supp. 2d 336, 341 (D.S.C. Feb. 23, 2012); *Carter v. Monsanto Co.*, 635 F.Supp. 2d 479 (S.D. Va. June 19, 2009).

      3.      Plaintiff's Motion to Compel

Plaintiffs argue that the Magistrate Judge erred by failing to decide their motion directed to the adequacy of Defendants' discovery responses and their request for additional time before addressing the merits of Defendants' motion to dismiss. This Court, however, has the discretion to decide a particular motion first and before another pending motion, particularly if the resolution of the motion is dispositive or concerns a threshold matter. *See Cleland Constr. Co.* v. *Balfour Beatty Const. Inc.*, 229 F.R.D. 521, 523 (D.S.C. July 11, 2005) ("While Carolina Asphalt and Safeco's Motion to Dismiss was filed first, this court begins its analysis with Balfour Beatty and Federal's motion, as the resolution of that motion is dispositive of the entire matter."); *Gilbert v. Wilson*, 821 F. Supp. 857, 859 (N.D. N.Y. May 25, 1993) ("A district court, however, has considerable discretion in deciding a pretrial motion to dismiss for lack of personal jurisdiction.").

The Magistrate Judge recommended the Motion to Compel be considered moot in light of her recommendation that the Defendants' Motion to Dismiss be granted. Despite the untimeliness, this Court reviewed the motion to compel, the memoranda, and materials submitted and concludes that the discovery requested by the Plaintiffs that related to specific jurisdiction– that is Defendants' contacts with South Carolina– was provided. The

existence of information (or lack thereof) pertinent to the establishment of sales or offers for sale of its patented products in South Carolina has been considered by this Court in the decision to grant Defendants' Motion to Dismiss.  Defendants have responded with responsive documents and have indicated that they have produced all responsive documents.  Thus, a further consideration or ruling on the Motion to Compel would not change this Court's ruling on the Motion to Dismiss. The Motion to Compel was properly considered moot in light of the Report.

## CONCLUSION

For the reasons set out above, Plaintiffs' objections are overruled and the Report and Recommendation of the Magistrate Judge is accepted to the extent consistent with this Order.  As this Court finds jurisdiction is lacking as to both Defendants, Defendants' second Motion to Dismiss for lack of jurisdiction (ECF No. 47) is GRANTED and Plaintiffs' Motion to Compel and to extend time of discovery (ECF No. 44) is MOOT.

IT IS SO ORDERED.

s/ Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
January 15, 2013